## SOUTHACK vs. MORRIS.

The 4th section of the act relating to "Practice (Laws of Mo. session 1838-9, p. 99,) providing, that "all actions at law founded on bonds, bills, or notes, in the circuit court, shall be tried and determined at the return term, if the defendant shall have been personally served with process twenty days before the commencement of the term," does not apply to actions by "Petition in Debt."

Appeal from Circuit court of St. Louis county.

*Hamilton for Appellant.*

1. We rely upon the 4th section of the act to amend the practice acts, approved February 13, 1839, which provides, indiscriminately, and in emphatic and comprehensive terms, that *all actions* on bonds, bills, or notes, shall be tried at the return term, if there have been twenty days personal service. Practice act, article 3, sec. 1, R. C. 457.

2. The amendment must operate, at least as such, or it is a repeal of the petition and summons law.

*Gamble for Appellee.*

The only question which arises upon the record is, wheth-

er a summons, in an action commenced by petition, must be served twenty days before the return day. 4th sec. act of 13th February, 1839, entitled "an act to amend the acts regulating practice at law." 3d sec. 1 article of act regulating practice of law. 1st section of 3d article of same act. 2d section of 4th article of same act.

*Opinion of the Court delivered by Napton Judge.*

McGirk Judge giving no opinion, not having heard the argument.

Morris sued Southack, by petition in debt, on a promissory note made by Southack to Manny & Primrose, and endorsed to Morris. The writ was served on the 21st day of October, 1839, returnable to the third Monday in November, being the 18th.

The defendant pleaded to the action on the 18th November, and on the 28th November the action was called for trial. The defendant moved for a continuance; and, as appears from the bill of exceptions, objected to the trial of the cause at that term, because the personal service had not been twenty days before the trial. The motion was overruled, judgment given against defendant, and a motion made to set aside the verdict.

The defendant relies on the 4th section of the "act to amend the acts regulating practice at law," (acts of 1839, p. 99,) which provides, that "all actions at law, founded on bonds, bills or notes, in the circuit court, shall be tried and determined at the return term, if the defendant shall have been personally served with process twenty days before the commencement of the term, unless good cause for continuance be shewn."

The third section of the 1st article of the act to which this is an amendment, provides, that "every original writ shall be dated on the day it is issued, and shall be made returnable on the first day of the next term thereafter; but if the first day of such term be within fifteen days thereafter, then such writ shall be made returnable on the first day of the second team."

The act of 1839, it will be perceived, does not alter the time of service, but merely declares that certain actions shall

be tried at the first term, which before the passage of that act were continued as a matter of course.

The act for the speedy recovery of debts due on bonds and notes, provides, that if there has been personal service, the defendant shall plead on or before the second day of the term at which he is bound to appear, and the suit shall be determined at that term, unless continued for good cause.

And the last section of that act declares, that suits brought under it, except where it is otherwise provided in the act itself, shall be regulated by the general practice acts.

There being no change effected by the amendatory act of 1839, in the return term, it follows, that the provisions of that act do not apply to the time of pleading and trial under the petition law; because; that is otherwise provided for in that law. Any other construction would render the process of collecting debts under the "act for the speedy recovery of debts," &c., more dilatory than those conducted in the ordinary form.

Judgment affirmed with costs.

MAY TERM
1840.

Southack
vs.
Morris.

The 4th sec. of the act relating to "Practice," (Laws of Mo. session 1838—9, p. 92) providing, that "all actions at law founded on bonds, bills or notes, in the circuit court, shall be tried and determined at the return term, if the defendant shall have been personally served with process twenty days before the commencement of the term," does not apply to actions by "Petition in Debt."